[643 NYS2d 368]

In the Matter of ANTHONY J. FIGONI, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 13, 1996

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for petitioner.

*Anthony V. Lombardino,* Richmond Hill, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petition contains two charges of professional misconduct against the respondent. The Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent has submitted an affirmation in opposition requesting that the Court confirm the Special Referee's report and consider all mitigating circumstances in arriving at an appropriate sanction.

Charge One alleged that the respondent was convicted of a serious crime. On or about May 4, 1994, the respondent entered a plea of guilty in the United States District Court for the Eastern District of New York to the charge of conspiracy to defraud the United States, in violation of 18 USC § 371, and false entry in or willful concealment of books and records, in violation of 29 USC § 439 (c). The respondent was sentenced by the Honorable Carol Bagley Amon, on or about November 9, 1994, to six months of home confinement, 240 hours of community service, a fine of $50,000, and five years' probation.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (3) (22 NYCRR 1200.3 [a] [3]).

Charge Two alleged that the respondent has been guilty of professional misconduct in that he engaged in conduct adversely reflecting on his fitness to practice law, based on the aforesaid scenario.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Based on the respondent's admissions, the Special Referee sustained the two charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigating factors advanced by the respondent, such as his remorse, his previously unblemished record, the character letters produced on his behalf, his cooperation with the Grievance Committee, the absence of any profit to him, and the fact that the Federal court did not sentence him to any term of incarceration.

Under the totality of circumstances, the respondent is suspended from the practice of law for one year.

Mangano, P. J., Balletta, Miller, Ritter and Thompson, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Anthony J. Figoni, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Anthony J. Figoni, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.